IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No.: 13-cv-3500-WYD-KLM

ALBERT MONTEIRO and FREDERICK PHILLIPS,

    Plaintiffs,

v.

TCF NATIONAL BANK,

    Defendant.

---

## STIPULATED QUALIFIED PROTECTIVE ORDER

---

The parties agree that during the course of discovery in this action (the "Lawsuit") it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Stipulated Qualified Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because it involves confidential medical, personal, customer, proprietary, trade secret and/or business information.

For good cause shown, the Court grants the parties' joint request and hereby enters the following Stipulated Qualified Protective Order:

1.  **Scope.** All documents, things or information produced in any form in the course of discovery of this case, including responses to discovery requests, all testimony and exhibits, or documents disclosed by third parties pursuant to subpoena and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning confidential information as set forth below. This includes the information both as originally produced and in any other form, including copies, notes and summaries of such information.

2.  **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the Lawsuit because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties. Confidential Information includes confidential business, proprietary, trade secret, customer, personal (including financial) and/or medical information; information whose disclosure might intrude upon the privacy interests of third parties; and information that constitutes "protected health information" under the Health Insurance Portability and Accountability Act of 1996 (HIPPA) Privacy Rule, 45 C.F.R. pts. 160, 164. Information in documents or the documents themselves that are available to the public may not be designated as "Confidential Information."

3.  **Form and Timing of Designations.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the word "CONFIDENTIAL" (hereinafter "the

2

marking") on the face of a multiple page document if the document is bound and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. If the document is not bound, designation of a document as "CONFIDENTIAL" may be accomplished by stamping or otherwise marking each page of the confidential document as "CONFIDENTIAL." The parties may designate documents previously produced in the Lawsuit to date as "CONFIDENTIAL" by providing written notice to the other party of the designation and identifying the documents that the party wishes to designate as "CONFIDENTIAL" by Bates Numbers. To the extent that it would be impractical to visibly mark the documents as "CONFIDENTIAL" (*e.g.*, when producing materials in electronic form or when producing a computer, personal computer, hard drive back-up), the documents may also be so designated in contemporaneous correspondence.

Applying the "CONFIDENTIAL" marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as "CONFIDENTIAL," the designating

attorney thereby certifies that the document contains Confidential Information as defined in this Order.

4.  **Inadvertent Failure to Designate.** The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited, to information or documents that may be considered Confidential Information under the Stipulated Qualified Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within seven (7) days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

5.  **Protection of Confidential Material.**

    a.  **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this Lawsuit, including any appeals.

b.  **Who May View Designated Confidential Information.**  Except with the prior written consent of the designating party or prior order of the Court, designated Confidential Information may only be disclosed to the following persons:

    i.  The parties to this Lawsuit, including any employees, agents, and representatives of the parties;

    ii.  Counsel for the parties and employees and agents of counsel;

    iii.  The Court and Court personnel, including any special master appointed by the Court, and members of the jury;

    iv.  Court reporters, recorders, and videographers engaged for depositions;

    v.  Any mediator appointed by the Court or jointly selected by the parties;

    vi.  Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this Lawsuit;

    vii.  Any expert witness, outside consultant, or investigator retained specifically in connection with this Lawsuit, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

    viii.  Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such Confidential Information will assist

the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

  ix. The author or recipient of the document (not including a person who received the document in the course of the Lawsuit); and

  x. Other persons only upon consent of the producing party and on such conditions as the parties may agree.

 c. **Control of Documents.** Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any "CONFIDENTIAL" documents, and shall be responsible for insuring that each of his or her regularly employed partners, associates, paralegals, assistants, clerical staff and secretaries who are assisting in this Lawsuit and the proposed recipients of Discovery Materials are informed of the terms of this Stipulated Qualified Protective Order and their obligations under it.

6. **Agreement to be Bound.** No person authorized under paragraphs 5(b)(vii) through 5(b)(x) of this Stipulated Qualified Protective Order to receive access to "CONFIDENTIAL" documents shall be granted such access until such person has received a copy of this Stipulated Qualified Protective Order and agrees in writing to be bound by it by signing a copy of the agreement attached as Attachment A to this Stipulated Qualified Protective Order. The original of each such written agreement shall be maintained by counsel for the party that seeks to disclose "CONFIDENTIAL" documents to such persons. Further, each recipient of "CONFIDENTIAL" documents shall not make any copies of or

notes concerning such information for any purpose whatsoever, except in connection with this Lawsuit and solely for the purposes of this Lawsuit.

7. **Use of Confidential Documents in a Deposition.** Whenever a deposition involves the disclosure of CONFIDENTIAL documents or information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Stipulated Qualified Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. **Use of Confidential Documents or Information in Court Filings.** Whenever any document, testimony, information, or material designated as "CONFIDENTIAL" is used or submitted to the Court in conjunction with any filing or proceeding in this Lawsuit, it shall be so marked and a motion to restrict public access to said document, testimony, information, or material designated as "CONFIDENTIAL" shall be filed with the Court in compliance with D.C.COLO.LCivR 7.2. It is the obligation of the party filing documents with the Court containing information designated as "CONFIDENTIAL" to comply with D.C.Colo.LCivR 7.2.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the Court after proper motion.

9. **Challenges to a Confidential Designation.** The designation of any material or document as "CONFIDENTIAL" is subject to challenge by any party. Before filing any motion or objection to a "CONFIDENTIAL" designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. If the parties are unable to resolve the dispute informally, the objecting party may by motion, [made pursuant to MJ Mix's discovery procedures] or otherwise with notice to all parties of record, apply to the Court for a ruling that the document, testimony, information, or material shall not be so treated. In any proceeding to release Confidential Information from its designation, or to change the designation of any such material, the burden shall be upon the designating party to establish the appropriateness of the classification under Fed. R. Civ. P. 26(c). If the objecting party makes such a motion, the material shall continue to be deemed "CONFIDENTIAL" under the terms of the Stipulated Qualified Protective Order until the Court rules on such motion. [KLM]

10. **Obligations on Conclusion of the Lawsuit.**

   a. **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the Lawsuit.

   b. **Return of Confidential Documents.** Within thirty (30) days after this Lawsuit concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be destroyed and certified to the producing party that it has done so unless: (1) the document has been offered into evidence or

filed without restriction as to disclosure; or (2) bears the notations, summations, or other mental impressions of the receiving party.

    **c.** **Retention of Work Product.** Notwithstanding the above requirements to destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information along with one copy of the Confidential Information for the sole purpose of maintaining a complete file. This work product and the Confidential Information in the file will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

    **11.** **Order Subject to Modification.** This Order is subject to modification by the Court on its own motion or on the motion of any party or any other person with standing concerning the subject matter. [handwritten insertion: *All such motions shall be made pursuant to MJ Mix's discovery procedures.*] The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

    **12.** **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection until such time as the Court may rule on a specific document or issue.

13. **Persons Bound by Stipulated Qualified Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

14. **Jurisdiction.** The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this Lawsuit. A party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

15. **Waiver.** Neither the taking of any action in accordance with the provisions of this Stipulated Qualified Protective Order nor the failure to object to such action shall be construed as a waiver of any claim or defense in this Lawsuit.

16. **No Waiver of Right to Object.** This Stipulated Qualified Protective Order shall not be construed as a waiver of any right to object to the authenticity, admissibility or confidentiality of any evidence at trial nor shall it be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request. This Stipulated Qualified Protective Order shall also not be deemed or construed as a waiver of the attorney/client privilege, work product doctrine, or any other privilege or of the rights of any party, person or entity to oppose the production of any documents or information on any grounds. Further, nothing in this Stipulated Qualified Protective Order shall be construed to limit, restrict or otherwise affect the ability of any party to seek the production of documents, testimony or information from any source.

17. **Additional or Different Protection for Confidential Information.** Nothing in this Stipulated Qualified Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the


Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

18. **No Admission of Privilege.** This Stipulated Qualified Protective Order shall not constitute or be deemed to constitute an admission by either of the stipulating parties or a determination by the Court as to any contested issue in this case, including, without limitation, the existence or non-existence of a privacy interest or privilege relating to said Confidential Information or its admissibility at trial or limit the parties' rights to object to the disclosure of Confidential Information at the trial in this matter or in discovery or litigation of this matter.

19. **Full Force and Effect.** This Stipulated Qualified Protective Order shall remain in full force and effect unless modified by an order of the Court or by the written stipulation of all parties hereto. Without limiting the generality of the foregoing, this Stipulated Qualified Protective Order shall survive or remain in full force and effect after the termination of this Lawsuit. Nothing in this Stipulated Qualified Protective Order shall limit or preclude any party from applying to the Court for relief from this Stipulated Qualified Protective Order, or for such further or additional protective orders as the Court may deem appropriate.

20. **Violation of Terms.** The parties agree to be bound by the terms of this Stipulated Qualified Protective Order pending its entry by the Court, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Stipulated Qualified Protective Order had already been entered as an order by the Court.

IT IS SO ORDERED.

Dated: __February 18, 2015__

BY THE COURT:

_____
U.S. District Court Judge

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

Stipulated Qualified Protective Order Agreed to and Submitted By:


s/*Rosemary Orsini*
Rosemary Orsini
BERENBAUM WEINSHIENK, PC
370 Seventeenth Street, Suite 4800
Denver, Colorado 80202

ATTORNEY FOR PLAINTIFFS ALBERT MONTEIRO and FREDERICK PHILLIPS



s/*Amy K. Hunt*
Amy K. Hunt
TIMMINS LLC
450 E. 17th Avenue, Suite 210
Denver, Colorado 80203

ATTORNEY FOR DEFENDANT TCF NATIONAL BANK

12

## ATTACHMENT A

## ACKNOWLEDGMENT AND
## AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Stipulated Qualified Protective Order dated _____, 2015 in the case *Monteiro et al. v. TCF National Bank*, 13-cv-3500-WYD-KLM, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the Court presiding over this matter in matters relating to this Stipulated Qualified Protective Order and understands that the terms of the Stipulated Qualified Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Stipulated Qualified Protective Order.

The undersigned acknowledges that violation of the Stipulated Qualified Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____

Signature: _____