IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   13-cv-03500-WYD-KLM

ALBERT MONTEIRO and
FREDERICK PHILLIPS,

    Plaintiffs,

v.

TCF NATIONAL BANK,

    Defendant.

**ORDER**

I.   INTRODUCTION & BACKGROUND

THIS MATTER is before the Court on Defendant TCF National Bank's ("TCF") Motion to Compel Arbitration and Stay Proceedings (ECF No. 19), filed June 12, 2014. On July 21, 2014, Plaintiffs filed a response (ECF No. 24). An addendum (ECF No. 26) to Plaintiffs' response was filed on July 24, 2014. On August 15, 2014, TCF filed a reply (ECF No. 29) in support of the motion and on March 3, 2015, TCF filed a notice of supplemental authority (ECF No. 42). After careful consideration, I find that the motion should be granted for the reasons stated below.

By way of background, on December 27, 2013, Plaintiffs filed this action alleging that they were subject to employment discrimination while employed by TCF. On June 12, 2014, TCF moved to compel arbitration of Plaintiffs' claims and to stay these proceedings pending the outcome of arbitration. In that motion, TCF argues that Plaintiffs' claims are subject to TCF's Dispute Resolution Policy ("DRP"), which compels

final and binding arbitration.   Under the DRP's covered claims and individuals clauses, employment discrimination and harassment claims between employees and TCF must be resolved within the confines of the DRP.   ECF No. 19-1, p. 3.   TCF contends that the parties are bound by the DRP because Plaintiffs' claims relate to employment discrimination and harassment, and Plaintiffs were given adequate notice via first-class mail and TCF's intranet site.   Plaintiffs, however, contend that the DRP is invalid because they did not receive TCF's notices.

II.   ANALYSIS

Whether the parties agreed to arbitrate Plaintiffs' claims depends on: (1) whether the arbitration agreement is valid; and (2) whether the subject matter of the dispute falls under the scope of the agreement.   See *Morris v. Milgard Mfg. Inc.*, No. 12-CV-01623, 2012 WL 6217387, at *2 (D. Colo. Dec. 13, 2012) (citing *Nat'l Am. Ins. Co. v. SCOR Reinsurance Co.*, 362 F.3d 1288, 1290 (10th Cir. 2004)).   The validity of an arbitration agreement is determined under state contract law principles.   *Hardin v. First Cash Financial Services, Inc.*, 465 F.3d 470, 475 (10th Cir.2006).   I initially note that neither party contends that Plaintiffs' claims are not within the scope of the agreement, and I am satisfied that the agreement does encompass Plaintiffs' claims.

"When parties dispute the making of an agreement to arbitrate, a jury trial on the existence of the agreement is warranted unless there are no genuine issues of material fact regarding the parties' agreement."   *Hardin*, 465 F.3d at 475.   Regarding mailed notice, "[t]here is a rebuttable presumption that a letter which was properly addressed, stamped and mailed was duly delivered to the addressee."   *Campbell v. IBM Corp.*, 867 P.2d 77, 80 (Colo.App.1993));   *Witt v. Roadway Exp.*, 136 F.3d 1424, 1429-30 (10th Cir.

1998) ("A rebuttable presumption of receipt does arise on evidence that a properly addressed piece of mail is placed in the care of the postal service."). "[W]hen the evidence is conflicting as to whether the letter was mailed initially, the presumption does not arise and the conflict must be resolved by the trier of fact." *Dean Witter Reynolds Inc. v. Variable Annuity Life Ins. Co.*, 373 F.3d 1100, 1109 (10th Cir. 2004) (quoting *Campbell*, 867 P.2d at 80)).

Turning to my analysis, TCF asserts that the DRP is not invalid due to Plaintiffs' alleged lack of notice. TCF explains that Plaintiffs were given notice of the DRP, which took effect on February 1, 2009, via TCF's intranet site and first-class mail. As summarized below, TCF submitted affidavits (ECF Nos. 19-2 and 19-4) of Barbara Shaw, TCF Senior Vice President, and Michael Vento, Western Graphics ("Western") Senior Account Manager, in order to explain the steps taken by TCF to provide timely notice of the DRP to Plaintiffs.

On December 19, 2008, TCF posted a letter on its intranet site to Plaintiffs and other employees, notifying them in advance of the DRP's implementation. ECF No. 19-2, p. 3. TCF also posted notice on its intranet site after the DRP took effect. *Id.* at p. 4. TCF states that the notice automatically opened up for all users accessing the site and was a reminder to employees of the DRP's implementation. *Id.* TCF further states that all employees, including Plaintiffs when they were employed by TCF, have access to the intranet and use "the [i]ntranet for general information about TCF, including phone numbers, addresses and other like information, . . . [and] as a way to stay current on TCF." ECF No. 19-2, p. 6.

In January 2009, TCF hired Western to mail a DRP informational packet to the

home addresses on file of all employees covered by the DRP, including Plaintiffs. ECF No. 19-2, p. 3; ECF No. 19-4, p. 2. The packet included "a cover letter from Barbara Shaw dated January 15, 2009, a question and answer document, and a booklet, which Western printed, entitled 'TCF Dispute Resolution Agreement, effective February 1, 2009.'" ECF No. 19-4, p. 3. Specifically, TCF delivered an electronic file to Western that contained the names and home addresses of the employees covered by the DRP. ECF No. 19-2, pp. 3-4; ECF No. 19-4, p. 2. TCF instructed Western to mail the informational packet to the employees listed on the electronic file, to include Plaintiffs Albert Monteiro and Frederick Phillips. ECF No. 19-2, pp. 3-4; ECF No. 19-4, p. 2. Prior to mailing, Western verified that each address was current through a U.S. Post Office certified software program. ECF No. 19-4, p. 3. On January 19, 2009, Western mailed the informational packets using "metered first-class stamps . . . in the required amount for the mailing." *Id.* Based on these facts, I find that TCF has created a rebuttable presumption of delivery.

To rebut the presumption, Plaintiffs argue that a genuine issue of material fact exists as to whether notice was received. Plaintiffs state that to the best of their knowledge, they did not receive the notices that were mailed. For instance, an affidavit of Plaintiff Monteiro states that if a notice was mailed to his home address it is possible that it was delivered to another unit in his apartment complex. ECF Nos. 26-1 and 24, p. 3. Monteiro explains that it is common for mail to be delivered to the wrong address at his apartment complex and that some of his neighbors do not make certain that mail is delivered to the right person. ECF Nos. 26-1 and 24, p. 3. Plaintiffs further explain that they did not see the DRP notices that were posted on TCF's intranet site. Plaintiffs

assert that they rarely used the intranet site and were never aware that the site could be used to obtain or review company policies.

I find Plaintiffs' argument unpersuasive. Plaintiffs' assertion of non-receipt is insufficient to overcome the presumption of delivery. *See Martinez v. TCF Nat'l Bank*, No. 13-CV-03504-PAB-MJW, 2015 WL 854442, at *2 (D. Colo. Feb. 25, 2015) ("plaintiff's assertion that she never received the DRP is insufficient to overcome the presumption of delivery."). Thus, I find that notice was duly delivered to Plaintiffs via the aforementioned standard mailing procedures that were conducted by Western on TCF's behalf. I further find that the DRP is a valid agreement to which the parties are bound.

III. CONCLUSION

Accordingly, it is

ORDERED that TCF's Motion to Compel Arbitration and Stay Proceedings (ECF No. 19) is **GRANTED**. It is

FURTHER ORDERED that, pursuant to D.C.COLO.LCivR 41.2, this action shall be administratively closed. It is

FURTHER ORDERED that, no later than twenty days after the completion of the arbitration proceeding, the parties shall file a status report advising the Court whether they believe the case should be reopened for good cause for any further proceedings in this Court or whether the case may be dismissed.

Dated: March 5, 2015.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE